Dear Mr. Kleinschmidt:
This office is in receipt of your request for an opinion of the Attorney General in regard to fire protection. You indicate the Board of Commissioners for Fire Protection District No. 2, Ward 4 of Calcasieu Parish is concerned whether the industries within the designated industrial area located within the Fire Protection District area have adequate fire protection. The Fire Protection District offers services that include structural firefighting, basic EMS, extrication, limited rescue — lack of equipment and training, defensive hazmat with limited offensive offerings — lack of equipment, limited industrial firefighting — lack of equipment. However, R.S. 33:130.19E(1) provides that "those industries located within the boundaries of any industrial area shall furnish and maintain individually or as a group the following services usually provided by the parish or local governments, the construction and cleaning of streets, street lighting, sewers and sewerage works, water service, fireprotection, * * *." Connected with these concerns of fire protection for the industrial area you ask as follows:
 1. What is the definition or interpretation of fire protection as provided in R.S. 33:130.19E(1)?
 2. If fire protection is defined as what is provided by the parish or local government, would it include special training, including, but not limited to hazardous material training, industrial firefighting?
 3. What is adequate fire protection within the industrial area, if the parish or local government are not required to provide specialized training?
 4. Is there any State or Federal agency that provides regulations for fire protection within industrial area, and inspections?
In regard to your question as to what is the definition of "fire protection" in R.S. 33:130.19E(1), we do not find any delineation in the statute. The statute simply states that those industries located within the boundaries of any industrial area shall furnish individually or as a group the services usually provided by the government, and includes "fire protection" along with street cleaning and lighting, sewerage, garbage collection and disposal, and water service. Additionally, in R.S.33:130.19E(2) the industries are given the option to enter into an agreement with the special service district operating within the parish for the service rather than furnishing their own service whereby such industries make payments in lieu of taxes for such services, subject to the approval of the governing authority and special service district. In Allied Signal Inc. v.Jackson, 691 So.2d 150 (La.App 1997), the court stated that the statute was enacted to enhance industrial development by allowing industries to provide for themselves certain services normally provided by the parish or local government, thus freeing the government from having to provide these services, and in return the industries are not subject to annexation by an existing or newly formed municipality.
In Atty. Gen. Op. No. 96-120 this office noted that fire protection districts are provided for in R.S. 40:1500 and therein such districts are authorized to perform all acts proper for the purpose of acquiring and maintaining such things "as might be necessary or proper for effective fire prevention and control or considered necessary by the governing body of the district for the protection of the property within the limits of the district against fire * * *." It was then stated that it appears that this statute authorizes fire protection districts to enter into contracts "for fire prevention and control considered necessary
by the governing body of the district for the protection of property within the limits of the district." (Emphasis added)
We find no definition of "fire protection" in the statute in regard to industries in industrial areas, and can only conclude it would be to the extent found necessary to comply with the law. We cannot conclude that the fire protection for the industries in the industrial area is mandated to be equivalent to that provided by the parish or local government in which it is situated such as industrial firefighting. While this obviously would be beneficial, we do not find that the statute sets forth any mandates.
Insofar as what is adequate fire protection within the industrial area, we feel it is a matter to be determined by the industries as to what is proper and necessary, although it must meet certain standards for fire protection as those set forth by the State Fire Marshal. In this regard R.S. 40:1563 states that the fire marshal shall take all steps necessary and proper to protect life and property from the hazards of fire and of panic which may arise from fire, and in Paragraph F of the statute in connection with his authority it is provided that "he shall compile a written set of current rules and regulations setting forth state laws and regulations governing fire hazards and life safety requirements and shall distribute to building owners copies of such compilation upon request. He shall also have available copies of said regulations for release upon request of any interested person and copies of state laws and regulations shall be distributed to all fire fighting agencies within the state."
The legislature has directed in R.S. 40:1578.6 that in order to afford adequate protection for life safety in every structure or movable all newly constructed structures and movables shall comply with the rules and regulations of the State Fire Marshal "which shall establish as minimum standards the provisions of the Life Safety Code of the National Fire Protection Association, and Section 518 — Special Provisions for High Rise, of Chapter IV of the Southern Standard Building Code."
It would appear the best source for information relative to your request would be to contact the State Fire Marshal's office and secure the current rules and regulations governing fire hazards and life safety requirements, and any other information they may have pertaining to your inquiries.
We hope this sufficiently responds to your request.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR