769 So.2d 1270 (2000)
Billy SINCLAIR
v.
STATE of Louisiana, Through the LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, and Aaron Brooks, Individually, and in His Official Capacity as Assistant District Attorney for the Parish of East Baton Rouge.
No. 99 CA 2290.
Court of Appeal of Louisiana, First Circuit.
November 3, 2000.
Billy Sinclair, Homer, In Proper Person.
R. Christopher Nevils, Baton Rouge, Counsel for Defendant/Appellee, State of Louisiana.
Before: LeBLANC and KUHN, JJ., and BOLIN, J. Pro Tem.[1]
BRUCE M. BOLIN, Judge Pro Tem.
This suit was filed on March 22, 1999, seeking damages and injunctive relief against the State of Louisiana, through the Department of Public Safety and Corrections, and Aaron Brooks, individually and *1271 in his official capacity as Assistant District Attorney for the Parish of East Baton Rouge. The Defendants filed a Peremptory Exception of No Cause of Action on May 10, 1999. The exception was heard and granted on June 15, 999, with judgment being signed on July 29, 1999.
The plaintiff filed an appeal alleging that the district court committed error in granting the defendant's Peremptory Exception of No Cause of Action.

PROCEDURAL HISTORY
The plaintiff, Billy Sinclair, is an inmate in the custody of the Louisiana Department of Corrections. He was indicted by the East Baton Rouge Parish Grant Jury for the murder of J.C. Bodden during the robbery of a grocery store on November 6, 1965. Following a jury trial, Mr. Sinclair was found guilty and received the death penalty. The Louisiana Supreme Court affirmed his conviction and sentence. State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971). However, in 1972, in light of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the United States Supreme Court vacated Sinclair's death sentence and remanded his case to the Louisiana Supreme Court for further proceedings. Sinclair v. Louisiana, 408 U.S. 939, 92 S.Ct. 2871, 33 L.Ed.2d 760 (1972). Thereafter, the defendant was resentenced to a term of life imprisonment. State v. Sinclair, 263 La. 377, 268 So.2d 514 (1972). His sentence was subsequently commuted to ninety years imprisonment.
The plaintiff filed suit against the State of Louisiana, through the Department of Public Safety and Corrections, for allegedly maintaining and disseminating false and unauthorized criminal history information against him in the state's criminal justice system.
He claims Aaron Brooks also disseminated false information when he appeared before the Louisiana Board of Parole on March 8, 1999, to oppose appellant's release on parole. The sole issue on appeal is whether Aaron Brooks was acting in his official capacity as a District Attorney such that he would be entitled to absolute immunity for his actions.

ANALYSIS
It is well-settled that the District Attorney, and his assistants are absolutely immune from civil liability when actions within the scope of their duties in initiating and pursuing a criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). State prosecuting attorneys are constitutional officers who serve in the judicial branch of the government. Diaz v. Allstate Insurance Co., 433 So.2d 699 (La.1983). For this reason, a prosecuting attorney acting within the scope of their prosecutorial duties in initiating and pursuing criminal prosecution are entitled to the same absolute immunity extended to judges. Knapper v. Connick, 96-0434 (La.10/15/96), 681 So.2d 944; Dickerson v. Kemp, 540 So.2d 467, 469 (La.App. 1 Cir.1989). The Louisiana Supreme Court in its most recent pronouncement on the absolute immunity issue, Knapper, supra, explained why district attorneys are afforded this immunity.
Chief amount the reasons most often cited for granting absolute prosecutorial immunity are concern that constant fear of later civil suits for damages may chill the vigorous prosecution of those charged with violating state statutes, that such fears may deter competent people from seeking office, and that defense of claims for malicious prosecution may drain valuable time and effort.
* * * * * *
To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's *1272 duty that is essential to the proper functioning of the criminal justice system. Id., 681 So.2d at 947-948 (citing Imbler v. Pachtman, 424 U.S. 409, 427-428[, 96 S.Ct. 984, 47 L.Ed.2d 128] (1976)).
The District Court through Judge McDonald in his written reasons for judgment stated.
But as the Supreme Court points out `determining whether the conduct complained of falls within the ambit of absolute immunity protection may not be an easy task.' Therefore, this Court must determine whether the nature of the role the District Attorney plays in a parole hearing falls within the scope of immunity afforded prosecutors.
The breadth of the role of prosecutor while acting as an `advocate for the state' is fairly broad. After considering the law, this Court is of the opinion that the District Attorney's role at a parole hearing is simply a continuation of his role as `advocate for the state' which begins with the institution of prosecution and would follow the defendant throughout his incarceration and completion of any parole period until his release. At all such stages the State is obviously an interested party in the status and progress of the defendant and therefore this court finds the actions of the District Attorney in disseminating the criminal history of the defendant in conjunction with his parole hearing was acting within his capacity as the `advocate for the State'.
The District Court acted within its authority in determining whether or not Mr. Brooks was acting within his official capacity. The court determined, and not unreasonably so, that Mr. Brooks was in his official capacity when he appeared at the parole hearing. The court stated clearly that it felt that Mr. Brooks was acting as an "advocate of the state" at all times and in all actions he undertook in regard to Mr. Sinclair's case. In the Appellant's own petition for damages in paragraph twenty-nine he conceded that Aaron Brooks appeared before the parole board as a representative of the District Attorneys office.
This Court has set forth a precise standard of review to `be applied to a lower court's decision in granting a Sinclair v. Kennedy, 96-1510 (La.App. 1 Cir. 9/19/97), 701 So.2d 457, 459, writ denied, 97-2495 (La.4/3/98), 717 So.2d 645.
The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law, based on the facts alleged in the pleadings. Allied Signal, Inc. v. Jackson, 96-0138 (La.App. 1 Cir. 2/14/97), 691 So.2d 150, 156. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-CCP art. 931. For purposes of ruling on the exception, the court must accept all well-pleaded facts in the petition and any annexed documents as true. Ostheimer v. Venvirotek of Louisiana, Inc., 95-2126 (La. App. 1 Cir. 4/30/96), 674 So.2d 337, 343. Th court should sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Strickland v. Layrisson, 96-1280 (La.App. 1 Cir. 6/20/97), 696 So.2d 621, 624.
The allegations contained in the pleadings in this case involve the actions of Aaron Brooks and, as discussed above, the trial court determined that those actions were performed in his official capacity as a District Attorney. Therefore, the allegations in the petition of the plaintiff do not state a cause of action since Mr. Brooks is shielded from civil liability by the absolute immunity afforded to him as a District Attorney.
In the present case, we find that the trial court properly applied the standard this Court has indicated should be used when granting peremptory exceptions of no cause of action. We adopt the reasons *1273 quoted above and affirm the decision of the trial court at plaintiff's cost.
AFFIRMED.
KUHN, J., concurs.
NOTES
[1] Judge Bruce M. Bolin of the 26th Judicial District Court serving Pro Tempore by special appointment of the Louisiana Supreme Court.