Dear Mr. Perilloux:
You have requested that this Office reconsider Opinions 08-0095 and 08-0095A wherein the Attorney General opined that the petition and supporting documents proposing the incorporation of Garyville as a municipality in the Parish of St. John the Baptist were in compliance with R.S. 33:1, et seq.
The Governor's Office has historically requested that the Attorney General review a Petition for Incorporation to insure that the requirements of La.R.S. 33:1 (A) are met. This review process simply involves comparing the proposed petition to the provisions set forth in the statute. Our office must assume that the information contained in the Petition for Incorporation is true and correct. This assumption includes acceptance, as true and accurate, the description and inclusion of properties which are the subject of the proposed incorporation.
As noted in Opinion 08-0095 and 08-0095A, the "Petition for Incorporation" for the proposed "Town of Garyville" satisfies all of the requirements of La.R.S. 33:1(A). The Registrar of Voters averred that the provisions of La.R.S. 33:1(B) were met by certifying that the petition contained the valid signatures of twenty-five (25) percent of the electors residing in the area proposed for incorporation in order to file the petition as provided in La.R.S. 33:2(A)(1).
There is no provision in the law which allows opponents to challenge compliance with La.R.S. 33:1 while it is being reviewed at the governor's office.
In Allied Signal, Inc., et al. v. Jackson, et al, 691 So.2d 150, 96 0138 (La.App. 1 Cir. 2/14/97), the owners of industrial properties which were located within a proposed new municipality brought action seeking a declaratory judgment that *Page 2 
the industrial properties, for which owners provided necessary services, could not be incorporated or annexed.
The 23rd Judicial District Court entered judgment that the properties could not be included in proposed municipality and granted permanent injunction, to which the chairpersons of the incorporation committee appealed.
The parties disagreed as to which remedies were available, if any. The plaintiffs contended they could seek declaratory and injunctive relief. The defendants argued that La.R.S. 33:4 provides the sole remedy for contesting a municipality's incorporation and La.R.S. 47:2110 provides the only procedure for contesting an ad valorem tax without an election; therefore, the plaintiffs' suit had been filed prematurely.
The court ruled that R.S. 33:4 was not applicable because the plaintiffs' action questioned the validity, and sought enforcement, of statutes which prohibit the inclusion of their property in any newly incorporated municipality, and was not one to contest an incorporation pursuant to R.S. 33:4. Nor was the plaintiffs' action one to oppose a tax, which made R.S. 47:2110 inapplicable.
The Court noted that the plaintiffs did not oppose the incorporation of Geismar; they opposed only the inclusion of their properties within that municipality.
Writing, 691 So. 2d at 157, the First Circuit ruled:
 Once the chairpersons submitted a petition for incorporation to the registrar of voters, as contemplated by LSA-R.S. 33:1(B)(2), with a legal description containing designated industrial areas within the boundaries of the proposed municipality, the owners of such industrial areas had the right to seek a declaration of their rights, status, or other legal relations regarding the chairpersons' actions, which allegedly were in direct violation of the law. See LSA-C.C.P. art. 1872.[11] In fact, the declaratory judgment action may well be beneficial to the parish governing authority and to the residents of Ascension Parish.[12] See Allied Chemical Corporation v. Iberville *Page 3 
Parish Police Jury, 426 So.2d 1336, 1341 n. 2 (La. 1983) (Lemmon, J. dissenting in part).
As stated in Allied Signal, supra, the proper remedy to challenge the validity of a Petition for Incorporation would be to seek a declaratory judgment in a court of competent jurisdiction. Neither the governor's office nor the attorney general's office is the proper forum in which to object to a petition for incorporation.
The right to seek a declaration of rights, status, or other legal relations regarding the chairpersons' actions became available to the owners of the industrial areas once the chairpersons submitted a petition for incorporation to the registrar of voters, which contained a legal description including the designated industrial areas within the boundaries of the proposed municipality. The owners did not even need to ascertain the governor's conclusion as to the validity of the petition.
As also noted in Allied Signal, it would be beneficial to the parish governing authority and to people who own land in the area to be incorporated, for any declaration to be made early. This is particularly true if the industrial areas are declared exempt from incorporation, since it is questionable whether incorporation of the remaining property would then be feasible or desirable, and the parish governing authority would otherwise expend funds on a fruitless election.
Therefore, it continues to be the opinion of this office that the petition and supporting documents proposing the incorporation of Garyville as a municipality in the Parish of St. John the Baptist were in compliance with R.S. 33:1, et seq. The proposal to determine whether the unincorporated area described in the petition shall become a municipality should be submitted to the voters on the next available election date, pursuant to R.S. 33:3. The proper remedy to challenge the validity of a Petition for Incorporation would be to seek a declaratory judgment in a court of competent jurisdiction.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 WILLIAM P. BRYAN, III
 Assistant Attorney General
 JDC/WPB, lll/sfj
[11] LSA-C.C.P. art. 1872 provides that a declaratory judgment action is available to contest the validity or the applicability of a statute.
[12] If the property in the designated industrial areas comprises a substantial percentage of the total assessed value of all property within the area proposed for incorporation, then it would be beneficial to the parish governing authority and to people who own land in the area to be incorporated, for any declaration to be made early. This is particularly true if the industrial areas are declared exempt from incorporation, since it is questionable whether incorporation of the remaining property would then be feasible or desirable, and the parish governing authority would otherwise expend funds on a fruitless election.