# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0676

GLENN DAMOND

VERSUS

FRANK A. MARULLO, III, PAUL A. BONIN, NICHOLAS STEPHEN
BERGERON, LEON A. CANNIZZARO, JR., AND JUDICIARY
COURTS OF THE STATE OF LOUISIANA

*DATE OF JUDGMENT:*   **FEB 2 0 2020**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 674614, SECTION 24, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE R. MICHAEL CALDWELL, JUDGE
HONORABLE DONALD R. JOHNSON, JUDGE

\* \* \* \* \* \*

| | |
|---|---|
| Glenn C. Damond<br>Baton Rouge, Louisiana | Plaintiff-Appellant<br>Glenn Damond, Pro Se |
| David M. Fink<br>Bernard Louis Charbonnet, Jr.<br>New Orleans, Louisiana | Counsel for Defendants-Appellees<br>Nicholas Stephen Bergeron and<br>Leon A. Cannizzaro, Jr. |
| Jeff Landry<br>Attorney General<br>David G. Sanders<br>Assistant Attorney General<br>Baton Rouge, Louisiana | Counsel for Defendants-Appellees<br>Judge Paul A. Bonin and Frank A.<br>Marullo III |

\* \* \* \* \* \*

BEFORE:  McDONALD, THERIOT AND CHUTZ, JJ.

**Disposition: AMENDED AND, AS AMENDED, AFFIRMED. ANSWER TO APPEAL DENIED.**

**CHUTZ, J.**

Plaintiff-appellant, Glenn Damond, appeals the trial court's judgment sustaining a dilatory exception objecting on the basis of lack of procedural capacity as to Damond's claims against "the Judiciary Courts of Louisiana" (the Judiciary Courts). Additionally, the judgment sustained peremptory exceptions raising the objections of no cause of action on the basis of judicial immunity raised by defendants-appellees, Orleans Parish Judge Paul A. Bonin (Judge) and Orleans Parish Deputy Clerk Frank A. Marullo, III (Minute Clerk); and prosecutorial immunity raised by defendant-appellees, Orleans Parish District Attorney Leon A. Cannizzaro (DA), and Orleans Parish Assistant District Attorney Nicholas Stephen Bergeron (ADA). We amend the judgment and, as amended, affirm.

## THE ALLEGATIONS OF THE PETITION

Plaintiff filed this lawsuit on October 2, 2018, claiming that the Judge, the Minute Clerk, the ADA, and the Judiciary Courts had deprived him of the right to be heard. According to the allegations of the his petition: in 2017, he "submitted a 12 page document[] to [the Judge] through the post office to correct the court records of constructive fraud" and the document "was tossed to the trash and never addressed." On July 27, 2018, he hand-delivered to the clerk's offices of the Judge and the DA "documents to correct the [court's] record for fraud in [plaintiff's] 1996 case." Although "[b]oth clerks signed the documents, ... [the DA's] clerk refused to accept the documents, and afterwards still refused to correct the fraud."

Plaintiff further averred that on August 2, 2018, the Minute Clerk, the Judge, and the ADA conducted an unscheduled proceeding regarding his documents. An order issued, also on August 2, 2018, instructing plaintiff to "supplement the documents to give the defendants a clearer understanding of the paperwork." The

order "specifically stated that once the documents [were] supplemented, a ruling [would] be made on [December 20, 2018] at 8:30 a.m."

Plaintiff alleged that on August 7, 2018, the Minute Clerk, the Judge, and the ADA received two notices from plaintiff "to recall a [three] year old unlawful Alias Capias." Nevertheless, three police officers "showed up at [his] front door with guns out, kicking and banging on the door to arrest [him]."

Additionally, plaintiff's petition stated that on August 28, 2018, he "[hand-delivered] about a 100 page bonded document to the clerk of court to correct the record because of the fraud." On September 14, 2018, the Minute Clerk, the Judge and the ADA conducted another "unscheduled activity in regards to [his] paperwork without noticing [plaintiff] of the proceedings"; and the Minute Clerk, the Judge, and the ADA conducted two status hearings on September 18 and 19, 2018, regarding the paperwork, without having notified plaintiff beforehand or of the results afterward. On September 20, 2018, according to the plaintiff, the Judge denied his claim "without reason, law or authority." Because the September 20, 2018 ruling was made well in advance of December 20, 2018 at 8:30 a.m. (the date and time set forth in the August 2, 2018 order), plaintiff was never notified of the September 2018 proceedings but learned of them only through a website, he maintained that the Minute Clerk, the Judge, and the ADA deceived him, thereby committing a fraud and entitling him to damages.

## DEFENDANTS' EXCEPTIONS

On November 30, 2018, the Judge, the Minute Clerk, and the Judiciary Courts filed a dilatory exception of lack of procedural capacity relative to the Judiciary Courts and a peremptory exception objecting that "[a]ny cause of action

3

of plaintiff's is barred by judicial immunity."[1] The DA and the ADA filed a peremptory exception raising the objection of no cause of action on the basis that they are immune from civil liability.[2]

## THE TRIAL COURT'S RULING AND THE APPEAL

After a hearing on February 11, 2019, the trial court orally sustained the dilatory exception of lack of procedural capacity relative to the Judiciary Courts. Additionally, the trial court concluded that all of the remaining defendants were entitled to immunity. Judgments were signed by the trial court on March 6, 2018 and April 8, 2018. Plaintiff appealed.

On August 12, 2019, citing *Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.*, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044 (en banc), this court issued a rule to show cause noting that the appealed judgments lacked sufficient decretal language to constitute final judgments.[3] Thereafter, on December 17, 2019, we issued a limited remand order, directing the court to issue a single judgment with proper decretal language. A final judgment, signed on

---

[1] Although these defendants entitled their pleading an exception of "NO RIGHT OF ACTION," because it is the substance not the caption of a pleading that determines its content, see *Pembo v. Pembo*, 2017-1153 (La. App. 1st Cir. 6/28/19), 280 So.3d 656, 659, we treat this objection as a no cause of action. We note that these defendants also raised a declinatory exception of improper service under La. R.S. 39:1538. It is well-settled that silence in a judgment as to any issue, claim, or demand placed before the court is deemed a rejection of the claim and the relief sought is presumed to be denied. *Wicker v. Allstate Prop. & Cas. Ins. Co.*, 2018-1571 (La. App. 1st Cir. 5/31/19), 2019 WL 2317558, at *2 n.1, writ denied, 2019-01112 (La. 10/8/19), 280 So.3d 170. The trial court did not rule on the exception of improper service and defendants did not answer the appeal to challenge the trial court's implicit denial of relief.

[2] The DA and ADA also raised a declinatory exception objecting on the basis of improper venue and a dilatory exception objecting to the nonconformity of the petition with the provisions of La. C.C.P. art. 891, ambiguity, and vagueness. Although on appeal plaintiff assigns error to the ruling on the exception of improper venue asserted by the DA and ADA, the trial court concluded the exception was moot. Thus, plaintiff has not been prejudiced.

[3] The Judge, the Minute Clerk, and the Judiciary Courts filed with the trial court a motion for leave to amend the March 6, 2019 judgment. The trial court signed an amended judgment on August 21, 2019 and ordered that the record on appeal be supplemented with the amended judgment. But any order or judgment rendered subsequent to the order granting an appeal is null if that order or judgment purports to address a matter which is at the time reviewable under the appeal. *Hernandez v. Excel Contractors, Inc.*, 2018-1091 (La. App. 1st Cir. 3/13/19), 275 So.3d 278, 283. See also La. C.C.P. art. 2088. Thus, there was no authority for the trial court to correct a judgment after it was divested of jurisdiction. Therefore, the amended judgment of August 21, 2019 is not properly before us.

4

January 2, 2020, was supplemented into this record. Thus, we turn to plaintiff's appellate contentions.

## LACK OF PROCEDURAL CAPACITY

The dilatory exception of lack of procedural capacity raises the issue of the plaintiff's want of capacity to institute and prosecute the action and stand in judgment and/or challenges the authority of a plaintiff who appears in a purely representative capacity. See La. C.C.P. art. 926A(6). The determination of whether a party has the procedural capacity to sue or be sued involves a question of law, which is reviewed under the de novo standard of review to determine whether the ruling of the trial court was legally correct. *Mt. Zion Baptist Ass'n v. Mt. Zion Baptist Church #1 of Revilletown Park*, 2016-0151 (La. App. 1st Cir. 10/31/16), 207 So.3d 414, 417, writ denied, 2016-02109 (La. 2/3/17), 215 So.3d 697.

The Louisiana Civil Code recognizes natural persons and juridical persons. See La. C.C. art. 24. To have the procedural capacity to be sued, the Judiciary Courts, which is obviously not a natural person, must qualify as a juridical person. Article 24 defines a juridical person as "an entity to which the law attributes personality, such as a corporation or a partnership." Additionally, "[t]he capacity of a juridical person is governed by provisions in its charter, governing legislation, and customs." La. C.C. art. 24, Comment (d). Moreover, Article 5 of the Louisiana Constitution, entitled "Judicial Branch," provides for the establishment of the courts in this state. Absent therein is any provision declaring that the courts are juridical persons or otherwise granting the courts the procedural capacity to be sued. *Swift v. Juvenile Court*, 2009-1182 (La. App. 3d Cir. 3/10/10), 2010 WL 786031, at *1.

Although plaintiff refers to the Judiciary Courts as "a federal enclave" and "a corporation operating with trading partners, issuing obligation bonds," he has

5

made no direct allegations against any corporate entity. Instead, his limited allegations against the Judiciary Courts appear to be an attempt to support his claims against the Judge, the Minute Clerk, the DA, and the ADA. Based on the allegations set forth in the petition, the trial court correctly sustained the exception of lack of procedural capacity.

When a suit is dismissed for the failure of a party to comply with a judgment sustaining a dilatory exception and ordering the plaintiff to remove the objection raised by the exception, the dismissal must be without prejudice. *Woodard v. Upp*, 2013-0999 (La. App. 1st Cir. 2/18/14), 142 So.3d 14, 19. Accordingly, that portion of the trial court's judgment which dismisses plaintiff's suit against the Judiciary Courts with prejudice is amended so as to dismiss the Judiciary Courts without prejudice.

## NO CAUSE OF ACTION

As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. The purpose of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Scheffler v. Adams and Reese, LLP*, 2006-1774 (La. 2/22/07), 950 So.2d 641, 646.

Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause of action. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Because the exception of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on an exception of no cause of action is de novo. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. *Scheffler*, 950 So.2d at 646-47.

A peremptory exception raising the objection of no cause of action is a proper procedural vehicle to raise judicial and prosecutorial immunity defenses. See e.g., *Allen v. Childress*, 2014-0879 (La. App. 1st Cir. 12/23/14), 2014 WL 7332289; *Sinclair v. State ex rel. Dep't of Pub. Safety & Corr.*, 99-2290 (La. App. 1st Cir. 11/3/00), 769 So.2d 1270, 1272, writ denied, 2000-3331 (La. 1/25/02), 806 So.2d 665.

## JUDICIAL IMMUNITY

On appeal, plaintiff maintains that the Judge and the Minute Clerk are not immune for their torts committed in a purely administrative, non-judicial capacity. He implies that the allegations of his petition aver facts that support a finding that the Judge and Minute Clerk acted outside their official capacities.

The doctrine of judicial immunity developed at common law as a shield intended to protect judges from civil suits for damages arising from actions taken in their judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18, 18 L.Ed.2d 288 (1967). A long line of United States Supreme Court cases acknowledge that, generally, a judge is immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991)

7

(citations omitted). Courts have consistently held that judicial immunity is an immunity from suit, not just the ultimate assessment of damages. *Mireles*, 502 U.S. at 11, 112 S.Ct. at 288 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)). The doctrine of judicial immunity provides judges with absolute immunity from liability for acts done in their judicial capacities. *Ellis v. Louisiana Bd. of Ethics through State*, 2017-0385 (La. App. 1st Cir. 11/1/17), 233 So.3d 722, 728.

In *Pierson*, the Supreme Court stated that judicial immunity applies even when the judge is accused of acting maliciously and corruptly, and the doctrine is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences. 386 U.S. at 554, 87 S.Ct. at 1218. It is a judge's duty to decide all cases within his jurisdiction that are brought before him. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation. *Id.*

There are only two circumstances under which judicial immunity does not apply. First, as plaintiff noted, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12, 112 S.Ct. at 288. Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Mireles*, 502 U.S. at 11, 112 S.Ct. at 288. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge

8

in his [or her] judicial capacity." *Mireles*, 502 U.S. at 12, 112 S.Ct. at 288 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978)).

After a careful review of the petition, we conclude that all of plaintiff's allegations involve action and inaction by the Judge in his official capacity. Having presided over proceedings and having rendered a ruling on September 20, 2018 denying plaintiff's claim are actions uniquely within the province of the judge's duty to decide cases within his jurisdiction that are brought before him. Likewise, plaintiff's allegation that the Judge failed to act on two notices from plaintiff "to recall a [three] year old unlawful Alias Capias" is within the ambit of the Judge's immunity since an omission of judicial action is likewise conduct within the Judge's judicial capacity.

Insofar as plaintiff's allegations against the Minute Clerk, we similarly find that they aver facts that show the Minute Clerk was performing a judicial function with an integral relationship to the judicial process. The Minute Clerk's presence at court proceedings and the allegation that he failed to act on two notices to recall an alleged outstanding alias capias, particularly where there are no allegations explaining the relationship of the alias capias to the Minute Clerk, are insufficient to place the Minute Clerk outside the ambit of immunity. As a lower clerk official, the trial court correctly determined that the Minute Clerk was absolutely immune from lawsuit in light of the allegations of plaintiff's petition. See *Johnson v. Foti*, 583 So.2d 1210, 1212 (La. App. 4th Cir. 1991).

Absent an allegation that the Judge or the Minute Clerk acted outside his judicial capacity or jurisdiction, we conclude that the trial court correctly sustained the exception of no cause of action on the basis of judicial immunity.

## PROSECUTORIAL IMMUNITY

When an exception of no cause of action is based on an affirmative defense, such as prosecutorial immunity, the exception must be overruled unless the allegations of the pleading exclude every reasonable hypothesis other than the premise upon which the defense is based. *Hill on Behalf of Hill v. Joseph*, 94-1859 (La. App. 1st Cir. 5/5/95), 655 So.2d 486, 488, writ denied, 95-1841 (La. 11/3/95), 661 So.2d 1381.

It is well-settled that the District Attorney and his assistants are absolutely immune from civil liability for actions within the scope of their duties in initiating and pursuing a criminal prosecution. State prosecuting attorneys are constitutional officers who serve in the judicial branch of the government. For this reason, prosecuting attorneys acting within the scope of their prosecutorial duties in initiating and pursuing criminal prosecution are entitled to the same absolute immunity extended to judges. *Sinclair v. State ex rel. Dep't of Pub. Safety & Corr.*, 99-2290 (La. App. 1st Cir. 11/3/00), 769 So.2d 1270, 1271, writ denied, 2000-3331 (La. 1/25/02), 806 So.2d 665.

As with the allegations against the Judge and the Minute Clerk, our review of plaintiff's petition shows that he has averred nothing outside the ambit of the duties of the DA and ADA which permit a finding that he is entitled to relief. The DA refusal to accept documents that were hand-delivered to the DA's clerk's office to "correct the court[']s record," and the ADA's attendance of "unscheduled proceedings of activity in regards to [plaintiff's] documents" are clearly actions within the purview of the duties of the DA and the ADA. Plaintiff's barebones allegation that the ADA failed to act on two notices from plaintiff "to recall a [three] year old unlawful Alias Capias" fails on its face to relate action or inaction on the part of this ADA to the alleged unlawful alias capias. But assuming

10

arguendo the allegation fell within responsibility of the ADA, it would similarly constitute an allegation of an omission related to the ADA's duties in pursuing a criminal prosecution.

Accordingly, in light of the allegation of the petition, we conclude the DA and the ADA are entitled to absolute immunity.[4] The trial court correctly sustained the objection of no cause of action on the basis of immunity.[5]

## ANSWER TO THE APPEAL

The ADA filed an answer to the appeal requesting attorney fees. However, he did not brief the issue but simply claimed entitlement to such relief, citing La. C.C.P. art. 2164 ("The court may award damages, including attorney fees, for frivolous appeal."). Therefore, the request is not properly before us. See La. URCA Rule 2-12.4B(4) ("All ... issues for review must be briefed. The court may consider as abandoned any ... issue for review which has not been briefed.").[6]

---

[4] The DA and ADA asserted additional bases for their exception of no cause of action, noting a lack of factual allegations to support claims of a due process violation, fraud, conspiracy, and entitlement to punitive damages. We have found the trial court correctly sustained the exception of no cause of action on the basis of prosecutorial immunity and, therefore, it is unnecessary for us to determine whether plaintiff's claims of a due process violation, conspiracy, and entitlement to punitive damages also support the objection of no cause of action. Accordingly, we pretermit such a discussion. Insofar as plaintiff's claims of fraud, we note that while fraud is an exception to governmental immunity, see La. R.S. 9:2798.1C, based on our review of the petition, plaintiff has not adequately pled facts to support this claim. Thus, plaintiff's petition was correctly dismissed on this basis as well.

[5] The provisions of La. C.C.P. art. 934 state that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. However, if the grounds of the objection cannot be removed, the action, claim, demand, issue, or theory shall be dismissed. *O'Brock v. White*, 2018-1345 (La. App. 1st Cir. 4/12/19), 276 So.3d 178, 183-84, writ denied, 2019-00750 (La. 10/15/19), 280 So.3d 599. Where the amendment would be a vain and useless act, such an amendment is not required by Article 934. Our de novo review of plaintiff's petition and the applicable law reveals no reason to order an amendment of the petition in this case. See *O'Brock*, 276 So.3d at 184.

[6] Even if we were to consider the merits, we cannot say this appeal was taken solely for the purpose of delay or that in appealing pro se litigant does not seriously believe in the position he advocates. See *Kirby v. State ex rel. Louisiana State Univ. Bd. of Sup'rs*, 2014-0017 (La. App. 1st Cir. 11/7/14), 174 So.3d 1, 14. We also note that we have granted some relief to plaintiff by partially modifying the judgment to dismiss without prejudice the Judiciary Courts of Louisiana. Thus, the ADA is not entitled to attorney fees in this appeal.

11

## DECREE

For these reasons, the trial court's judgment is amended to dismiss the Judiciary Courts of Louisiana without prejudice. As amended, the judgment is affirmed. The answer to the appeal is denied. Appeal costs are assessed against plaintiff-appellant, Glenn Damond.

**AMENDED AND, AS AMENDED, AFFIRMED. ANSWER TO APPEAL DENIED.**