717 So.2d 1247 (1998)
Jacquelyn Mayo, wife of/and Darryl J. MAYO
v.
BENSON CHEVROLET CO., INC., et al.
No. 97-CA-1121.
Court of Appeal of Louisiana, Fifth Circuit.
August 25, 1998.
Rehearing Denied October 19, 1998.
*1248 Scott McQuaig, W. Chad Stelly, McQuaig & Stelly, Metairie, for Defendant/Appellant.
Jason G. Dupree, Baton Rouge, for Defendant/Appellee.
Before GAUDIN, WICKER and CANNELLA, JJ.
WICKER, Judge.
Benson Chevrolet Co., Inc., defendant and third-party plaintiff, appeals the dismissal of its third-party demand on an exception of prescription. We reverse and remand.
The underlying lawsuit, filed on April 25, 1995 by Jacqueline and Darryl Mayo, seeks redhibition of plaintiffs' January 9, 1995 purchase of an automobile from Benson. Plaintiffs allege the car has numerous hidden defects that must have resulted from an accident prior to their purchase of the car, including misplacement of the left rear wheel, misalignment of the left fender, and misplacement of the left front door.
On January 9, 1996 plaintiffs supplemented their petition to add Harris Chevrolet, Inc. as an additional defendant, on the basis that Benson had obtained the car from Harris two days prior to their purchase of it. Harris filed an exception of no cause of action to plaintiff's demand, asserting there was no privity between plaintiffs and Harris and therefore no cause of action in redhibition, because Harris was neither the manufacturer of the vehicle nor seller of the vehicle to plaintiffs. That exception was maintained and Harris was dismissed from plaintiffs' suit on May 19, 1997.
On May 21, 1997 Benson filed a third party demand and cross-claim against Harris for breach of warranty of merchantability and fitness, seeking indemnification in the event it was cast in damages to plaintiffs. Harris filed an exception of prescription, asserting that Benson was put on notice of a possible claim against Harris when it was served with plaintiffs' petition on May 2, 1995. Since Benson did not file its demand against Harris until more than two years later, Harris asserted the action is untimely. The trial court granted the exception and Benson appeals.
Benson contends the trial court erred because prescription does not run on a claim for indemnity until the claimant is cast in judgment. In contrast, Harris argues that the only ground on which Benson can assert a claim against it is redhibition for Harris' transfer of the car to Benson and, therefore, Benson's claim is subject to the same time limitations as any redhibition claim (i.e., one year from date of discovery of defect, La. Civ.Code art. 2534).
Where the actual fault of the proximate cause of injury is attributable to one of the parties and the other is only technically or constructively at fault, from failure or omission to perform some legal duty, indemnity may be had against the one primarily responsible for the act which caused the damage. Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, 541 (La.1922). Indemnity, unlike contribution, is not dependent upon subrogation to the right of the creditor, but finds its basis in the concept of unjust enrichment, i.e., the party primarily at fault is unjustly enriched when one held liable vicariously or by reason of technical fault discharges the indebtedness. Lebleu v. Southern Silica of Louisiana, 554 So.2d 852, 859 (La.App. 3 Cir.1989). Liability for indemnity arises only when the party seeking indemnity, the indemnitee, is free from fault and has discharged a debt that should be wholly paid by the indemnitor. Chaudoir v. Porsche Cars of North America, 95-729 (La.App. 3 Cir. 12/6/95), 667 So.2d 569, 574.
"Indemnity is due when fairness requires that one person bear the total responsibility for an injury. The basis for indemnity in the civil law is restitution, the indemnitor having been unjustly enriched when the person seeking indemnity has discharged liability that was his responsibility." Klumpp v. XYZ Ins. Co., 547 So.2d 391, 393 (La.App. 3 Cir. 1989), writ denied, 551 So.2d 1322.
A solidary debtor who pays a debt that concerns only a co-debtor is, therefore, entitled to indemnity from the debtor in whose behalf the debt arose. * * * Thus, a person who is held liable vicariously or passively for the tort of another is due indemnity from the culpable tortfeasor. *1249 * * * One who is himself at fault, however, is not due indemnity because liability for indemnity exists only when the party seeking indemnity, the indemnitee, is free of fault and has discharged a debt that should be paid wholly by the indemnitor.
Klumpp, supra, at 393-394.
Indemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to the person primarily responsible, while contribution apportions the loss among those jointly responsible. Green v. TACA Intern. Airlines, 304 So.2d 357, 359 (La. 1974).
"In regard to a claim for indemnity or contribution, prescription does not begin to run until the right vests.... Stated another way, prescription does not run until the party seeking it [indemnity] is cast in judgment." Bergeron v. Amerada Hess Corp., 478 So.2d 1308, 1310 (La.App. 5 Cir.1985); Blue Streak Enterprises, Inc. v. Gulf Coast Marine, Inc., 370 So.2d 633, 635 (La.App. 4 Cir.1979).
In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any loss sustained by the seller. Robertson v. Coleman Oldsmobile, Inc., 451 So.2d 1323, 1327 (La.App. 1 Cir.1984); La. Civ.Code Art. 2531.[1]
Because Benson has not yet been cast in judgment to plaintiffs, no right to indemnification has vested in it. Its right cannot have prescribed before it vested. Clearly, then, the trial court erred in finding Benson's claim for indemnity prescribed.
For the foregoing reasons, the judgment finding Benson's indemnification claim prescribed is reversed. The case is remanded for further proceedings. Costs of the appeal are assessed against Harris Chevrolet, Inc.
REVERSED AND REMANDED.
NOTES
[1] "Under this Article a seller liable for redhibition has an action against his own seller, and other sellers in the chain of title of the thing, even if such sellers are not manufacturers." Revision Comments-1993 following La. Civ.Code Art. 2531.