| .SUSAN M. CHEHARDY, Judge.
This is a legal malpractice case, in which plaintiffs appeal the granting of summary judgment to the defendants. We affirm.
The case arises from Peyton Burkhal-ter’s representation of David and Antonia Arrington in a redhibition suit in which they were the defendants.[1] In August 1997 the Arringtons sold a home to Mickie S. Merlin and Mark L. Merlin. After the sale the Merlins discovered that the roof was defective. In October 1997 the Mer-lins filed suit (hereafter called “the Merlin litigation”) against the Arringtons and Fuselier Construction, Inc. (the contractor). The Arringtons filed third-party demands against Pedro Ruiz (the roofer) and Rochelle Sackett (the real estate agent).
The Merlins’ claim against Fuselier Construction was dismissed prior to trial, as was the Arringtons’ third-party demand against Sackett. The Arringtons obtained a preliminary default against Ruiz, but the default was not confirmed. After a trial, the district judge determined that the Ar-ringtons had concealed their knowledge of pre-existing defects from the Merlins and were liable. The court cast 13the Arring-tons in judgment for the entire amount of the Merlins’ claims, including their legal expenses and court costs.
After the Arringtons’ motion for new trial was denied, Burkhalter and his law firm withdrew from representation of them. The Arringtons obtained new counsel for the appeal. After the judgment was affirmed on appeal, they filed this suit, naming as defendants Burkhalter, his law firm (Aucoin and Courcelle, L.L.C.), and another attorney whose liability is not before us in this appeal.[2]
The Arringtons asserted that they signed an Indemnity and Hold Harmless Agreement, under which they waived and compromised legal rights they had in connection with their defense against the Merlins’ claims, but that their attorneys failed to apprise them of all the risks associated with entering into the agreement prior to their signing away their rights.[3] They further asserted that their attorneys failed to take necessary measures to protect them from an adverse judgment, by failing to pursue third-party demands against all other parties for indemnity. They contended that their attorneys failed to provide sufficient and adequate representation, which resulted in their being cast into judgment for the entire amount of the Merlins’ claims.
*321 Burkhalter and Ms law firm (henceforth collectively called “Burkhalter”) denied La-bility and asserted that the Arringtons entered into the Indemnity and Hold Harmless Agreement with Fuselier Construction, Inc. on the advice of attorneys other than Burkhalter and prior to Burk-halter’s representation of the Arringtons. Burkhalter also asserted that under the terms and conditions of the | indemnity and Hold Harmless Agreement, the Ar-ringtons lost no rights against Fuselier that they could not assert prior to, during or subsequent to the trial of the underlying matter. Burkhalter averred that any cross-claim or third-party demand against Fuselier Construction “would have been rendered useless due to Fuselier’s ability to declare bankruptcy at any time during the proceedings.” Finally, Burkhalter asserted that the malpractice claim was per-empted by virtue of La.R.S. 9:5605.
Burkhalter then filed a motion for summary judgment. He contended that the Indemnity and Hold Harmless Agreement was already in full force and effect at the time Burkhalter took over representation of the Arringtons; thus, he did not provide any counsel to them at the time they executed the agreement. He asserted that under the terms and conditions of the agreement, Fuselier agreed to defend, indemnify and hold the Arringtons harmless from any judgments, that might be rendered in their favor in the Merlin litigation. Hence, there was no strategic reason for the Arringtons to file a cross-claim or third-party claim against Fuselier.
Burkhalter pointed out that Fuselier was successful in getting a dismissal of the Merlin’s direct action based on the New Home Warranty Act.[4] However, Burkhal-ter pursued third-party demands on behalf of the Arringtons against Ruiz, the roofer, and Sackett, the real estate agent. Burk-halter stated that although he obtained a preliminary default against Ruiz and requested .the trial court to confirm the de: fault during the trial, the final judgment was silent as to Ruiz. Further, the final judgment dismissed the demand against Sackett. Burkhalter asserted that he filed a motion for new trial on behalf of the Arringtons, raising the court’s failure |Kto confirm the preliminary default against Ruiz, but the motion for new trial was denied.[5] Thereafter, Burkhalter withdrew from representation of the Arringtons.
Burkhalter asserted further that Fuselier Construction, Inc. filed for Chapter 7 bankruptcy and was discharged in bankruptcy on October 18, 2001, including the Arringtons’ claim for the judgment awarded against them in the Merlin litigation. Similarly, Burkhalter asserted, he was a creditor of Fuselier in the bankruptcy proceedings, as he had not been paid for the entirety of his representation of the Ar-ringtons in the Merlin litigation, but he too had his claim denied by Fuselier’s discharge in bankruptcy.
Finally, Burkhalter asserted that the Arringtons’ -malpractice suit against him must be dismissed because they would be unable to prevail in proving malpractice. He argued, first, that he did not provide legal advice to them regarding their signing of the indemnity and hold-harmless agreement and, second, that any claim they could have pursued against Fuselier *322 by third-party demand or cross-claim would have been rendered ineffective by Fuselier’s ultimate bankruptcy.
Alternatively, Burkhalter argued that since the preliminary default against Ruiz was never confirmed and no judgment in favor of Ruiz was rendered in the Merlin litigation, the Arringtons’ right to pursue Ruiz for indemnity remains viable and they are not prejudiced, because a claim for indemnity does not exist until the party seeking indemnity is cast in judgment. Because Burkhalter no longer represented the Arringtons after their motion for new trial was denied, he contended he cannot be held liable for any failure to assert their indemnity claim against Ruiz after that point.
IfiThe Arringtons opposed the motion for summary judgment, asserting there remain issues of material fact, specifically, whether Buckhalter apprised the Arring-tons of his conflict of interest in representing both Fuselier and them, whether Burkhalter apprised the Arringtons of Fuselier’s impending financial collapse, and whether Burkhalter apprised the Ar-ringtons that he was billing Fuselier for legal fees and was not being paid. Finally, the Arringtons asserted that by Buckhal-ter’s own admission the default judgment against Ruiz was ineffectually completed and plaintiffs were prejudiced thereby.
The trial court granted summary judgment in favor of Buckhalter and the law firm of Aucoin and Courcelle. The Arring-tons then filed a Motion for New Trial, which was denied.
In written Reasons for Judgment, the trial court found that “all third party claims which should have been filed were indeed filed” and rejected the Arringtons’ claims that Burkhalter failed to pursue third-party claims. The court further found that, because Burkhalter did not represent the Arringtons at the time they signed the indemnity and hold-harmless agreement, Burkhalter was not liable for any harm the Arringtons may have suffered as a result of their not being properly advised regarding that agreement. The court concluded that the Arringtons failed to bring forth facts that would prove that Burkhalter was negligent and, hence, there was no genuine issue of material fact and Burkhalter was entitled to judgment as a matter of law.
On appeal the Arringtons contend that summary judgment was improper and should be reversed because of the material issues of fact raised in their opposition. They assert that Burkhalter’s argument that he is free from fault because he provided no advice to them upon their entering into the Indemnity and Hold Harmless Agreement may affect damages in a legal malpractice case, but cannot go to the issue of liability. They argue, “It begs the issue of failure to advise on the |7New Home Warranty Act and its impact upon the Indemnity and Hold Harmless Agreement.”
In addition, appellants contend that Burkhalter’s argument glosses over the fact that he failed to perfect a preliminary default against Ruiz. Further, they assert, Burkhalter’s arguments ignore the impact of his failure to advise them of the possible conflict, of trying to get out of the Indemnity and Hold Harmless Agreement, and of the impact of the New Home Warranty Act upon this agreement. They contend that the fact they had already entered into the agreement with Fuselier does not affect their complaints against Burkhalter; rather, what he should have told them about that agreement “forms the gravamen of their complaints.”
In his brief, Burkhalter reiterates the arguments he made in the trial court: that the Arringtons cannot succeed in a legal malpractice claim because Burkhalter was not their attorney when they signed the *323 Indemnity and Hold Harmless Agreement; that he pursued on their behalf the feasible third-party claim — the claim against Ruiz — but despite his urgings the trial court failed to confirm the default against Ruiz and failed to correct that mistake despite the motion for new trial filed by Burkhalter on behalf of the Arringtons. As for the dismissal of the assignment concerning the Ruiz claim on appeal, Burk-halter points out he was no longer counsel to the Arringtons during the appeal and was not responsible for any failure to brief that issue properly or to supplement the appellate record regarding it.
A reviewing court examines summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. Thus, in determining whether summary judgment is appropriate, a reviewing court asks the same questions as the trial court: whether |sthere is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Id. The burden of proving entitlement to summary judgment is on the mover. La.C.C.P. art. 966(B).
“A fact is ‘material’ when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.... Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success,"or determine the outcome of the legal dispute.” Hardy v. Borne, 98-2821, p. 6 (La.9/8/99), 744 So.2d 606, 610. An issue is genuine if reasonable persons could disagree. Smith v. Our Lady of the Lake Hospital, 93-2512 at p. 27, 639 So.2d at 751. “If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue.” Id. In determining whether an issue is “genuine,” courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Id.
An attorney is liable to his client for the damages caused by the attorney’s negligence in handling 'the client’s business, providing that the client proves by a preponderance of the evidence that such negligence is the proximate cause of the loss claimed. Bauer v. Dyer, 00-1778, p. 13 (La.App. 5 Cir. 2/28/01), 782 So.2d 1133, 1140.
If the client has proven that negligence on the part of his former attorney caused the loss of the opportunity to assert a claim — thus establishing the inference of causation of damages resulting from the lost opportunity for recovery — the appellate court must determine whether the negligent attorney has met his burden of producing sufficient proof to overcome plaintiffs prima facie case. Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109, 1110 (La.1982).
An attorney is negligent if he accepts employment and fails to assert timely a viable claim or causes a loss of opportunity to assert a claim for recovery. Bauer v. Dyer, 00-1778 at p. 14, 782 So.2d at 1140, quoting Benware v. Means, 98-0203 (La.App. 1 Cir. 5/12/00), 760 So.2d 641, 648-649, writ denied, 00-2215 (La.10/27/00), 772 So.2d. 650.
Applying these principles to the facts before us, we find no error in the trial court’s ruling. It was not malpractice- for Buckhalter not to file- a cross-claim or third-party demand on behalf of the Ar-ringtons against Fuselier. The' right to indemnity does not vest, and prescription of that right does not begin to run, until the" party seeking indemnification is cast in judgment. Mayo v. Benson Chevrolet Co., Inc., 97-1121, page 3 (La.App. 5 Cir. 8/25/98), 717 So.2d 1247, 1249, citing Blue Streak Enterprises, Inc. v. Gulf Coast Marine, Inc., 370 So.2d 633 (La.App. 4 Cir. *324 4/10/79). Following denial of the Arring-tons’ motion for new trial, Burkhalter resigned as their attorney. Any failure to proceed against Fuselier after that point cannot be construed against Burkhalter.
Further, Burkhalter did not represent the Arringtons when they signed the Indemnification and Hold Harmless Agreement and clearly cannot be liable for their signing it. Their opposition to the motion for summary judgment failed to establish any material facts showing he had an obligation to apprise them of its effects after the fact. Similarly, their allegation that Burkhalter committed malpractice by failing to advise them of Fuselier’s “pending financial collapse” is unsupported by any facts establishing that Burkhalter knew or should have known that Fuselier would file for bankruptcy.
Finally, with regard to the claim against Ruiz, this Court rejected any argument on that point on the appeal of the Merlin litigation because the issue was not properly presented. The Arringtons were represented by new counsel on that appeal. In support of their motion for summary judgment in this malpractice suit, the Ar-ringtons failed to provide the court with transcripts or pleadings from the Merlin case to establish that Burkhalter failed to raise the confirmation of the default.
| ^Accordingly, the appellants have failed to carry their burden of showing factual support sufficient to establish they would be able to satisfy their evidentiary burden of proof at trial, as required by La.C.C.P. art. 966(B)(2).
For the foregoing reasons, the judgment is affirmed. The parties are cast with their own costs for this appeal

AFFIRMED.

. Merlin v. Fuselier Construction, Inc., No. 515-738 (24th Judicial District Court, Parish of Jefferson, State of Louisiana), affirmed, 00-1862 (La.App. 5 Cir. 5/30/01), 789 So.2d 710.

. The other attorney, Denise D’Aunoy, initially represented both Fuselier and the Arring-tons, but subsequently retained Burkhalter to represent both Fuselier and the Arringtons in the Merlin litigation. The Arringtons allege that D’Aunoy had a conflict of interest in representing them while she represented Fuselier.

.Under the December 1997 agreement (signed after the Merlin suit had been filed), Fuselier agreed to defend, indemnify and hold harmless the Arringtons from the claims of the Merlins and the Arringtons agreed to waive their right to have separate counsel from Fuselier, despite the existence of any conflict of interest.

. La.R.S. 9:3141-9:3150.

. In the appeal of the Merlin litigation, the Arringtons raised the issue of the trial court's failure to confirm the preliminary default against Ruiz. This Court noted, however, that there was nothing to review on that issue, because the record on appeal contained neither the pleadings and transcript of the preliminary default, nor a written motion to confirm the- default. 00-1862 at pp. 11-12, 789 So.2d at 717.