838 So.2d 803 (2002)
William HAMWAY d/b/a Interstate Transmission
v.
Ronnie BRAUD d/b/a Braud's Towing Service.
No. 2001 CA 2364.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
*805 Paul R. Matzen, Baton Rouge, Counsel for Plaintiff/Appellant William Hamway d/b/a Interstate Transmission.
Larry A. Babin, Jr., Gonzales, Counsel for Defendant/Appellee Ronnie Braud d/b/a Braud's Towing Service.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
Plaintiff, William Hamway d/b/a Interstate Transmission (Hamway), appeals the trial court's granting of defendant's, Ronnie Braud d/b/a Braud's Towing Service (Braud), peremptory exception raising the objection of no cause of action. For the reasons that follow, we affirm the judgment of the trial court.

FACTS AND PROCDURAL HISTORY
Hamway, operator of a transmission shop, entered into a contract with Dave Jackson, Sr. to remove a transmission from Mr. Jackson's vehicle, a corvette. However, a dispute arose between Hamway and Mr. Jackson, whereupon Mr. Jackson contacted Braud to tow the vehicle to another location. During the relocation of the vehicle in August of 1999, the interior upholstery was damaged when Hamway's employees placed transmission parts inside the vehicle.
Mr. Jackson ultimately brought suit against Hamway in Baton Rouge City Court, Small Claims Division. Braud, however, was not made a party. On March 14, 2000, judgment was rendered against Hamway in the amount of $1,632.23, plus legal interest and court costs. Thereafter, in a petition filed July 28, 2000, Hamway sought indemnification, or in the alternative, contribution from Braud. In his petition, Hamway claimed that Braud caused the damages assessed against him because he prohibited Hamway's employees from placing the transmission parts on the tow truck and instructed them to place the parts inside the vehicle. On December 26, 2000, Braud filed a Peremptory Exception of No Cause of Action. A hearing on the exception was held on February 28, 2001, and in a judgment signed on April 16, 2001, the trial court granted Braud's exception and ordered that Hamway's petition be dismissed with prejudice.

ASSIGNEMT OF ERROR
Hamway now appeals from this decision and asserts as his sole assignment of error that the trial judge erred in granting the defendant's peremptory exception raising the objection of no cause of action, thereby denying Hamway's right of indemnity or contribution.

DISCUSSION

No Cause of Action
A court of appeal reviews de novo a lower court's ruling sustaining the exception of no cause of action because the exception raises a question of law based on the sufficiency of the petition. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170, pp. 9-10 *806 (La.3/2/99), 739 So.2d 748, 756. The peremptory exception raising the objection of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law, based on the facts alleged in the pleadings. Sinclair v. State, Louisiana Department of Public Safety and Corrections, 99-2290, p. 4 (La.App. 1st Cir.11/3/00), 769 So.2d 1270, 1272, writ denied, 00-3331 (La.1/25/02), 806 So.2d 665, cert denied, 536 U.S. 910, 122 S.Ct. 2369, 153 L.Ed.2d 189 (2002). For purposes of ruling on the exception, all well-pleaded allegations of fact in the petition must be accepted as true. Guzzardo-Knight v. Central Progressive Bank, 99-1449, p. 5 (La.App. 1st Cir.6/23/00), 762 So.2d 1243, 1246, writ denied, 00-2298 (La.6/15/01), 793 So.2d 208. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. A court should sustain an exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Sinclair, 99-2290 at 4, 769 So.2d at 1272.

Indemnity
Indemnity, which is based in the concept of unjust enrichment, may lie when one party discharges a liability, which another rightfully should have assumed. Nassif v. Sunrise Homes, Inc., 98-3193, pp. 2-3 (La.6/29/99), 739 So.2d 183, 185; Mayo v. Benson Chevrolet Co., 97-1121, p. 2 (La.App. 5th Cir.8/25/98), 717 So.2d 1247, 1248. The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, under a tort or quasi-contract theory, even in the absence of an indemnity agreement. Bienville Parish Police Jury v. United States Postal Service, 8 F.Supp.2d 563, 569 (W.D.La.4/29/98); Nassif, 98-3193 at 3, 739 So.2d at 185. An implied contract of indemnity, or tort indemnity as it applies in this case, arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has caused such constructive liability to be imposed. Nassif, 98-3193 at 3, 739 So.2d at 185; see also Mayo, 97-1121 at 2, 717 So.2d at 1248. As such, a party who is actually negligent or actually at fault cannot recover tort indemnity. Sellers v. Seligman, 463 So.2d 697, 700 (La.App. 4th Cir.), writ denied, 464 So.2d 1379 (La.1985).
In the instant case, Hamway asserts in his petition that Braud directed Hamway's employees to place the transmission parts inside Mr. Jackson's vehicle. However, the facts as alleged admit that Hamway's employees actually placed the transmission parts inside the car. Additionally, the petition acknowledges that judgment was rendered against Hamway, thereby finding him to be at fault for the resulting damage, in the amount of $1,632.23. These facts, as alleged, do not show the mere constructive or derivative fault of Hamway but rather, show that Hamway was actively negligent and was found to be actively at fault.[1] As such, we find that Hamway has not stated a cause of action against Braud for indemnity.

Contribution
The substantive basis for the right to claim contribution is subrogation to the plaintiff's rights against the remaining tortfeasors. La. C.C. arts. 1804 and 1805; Dennis v. The Finish Line, Inc., *807 99-1413, p. 41 (La.App. 1st Cir.12/22/00), 781 So.2d 12, 44, writ denied, 01-0214 (La.3/16/01), 787 So.2d 319. Contribution permits a tortfeasor who has paid more than his share of a solidary obligation to seek reimbursement from the other tortfeasors for their respective shares of the judgment, which shares are proportionate to the fault of each. Dennis, 99-1413 at 41, 781 So.2d at 43-44. Therefore, contribution is allowed only among tortfeasors who are solidarily liable. Thompson v. Harrington, 99-571, p. 11 (La.App. 3rd Cir.10/13/99), 746 So.2d 652, 658.
In 1996, La. C.C. art. 2324 was amended to eliminate solidary liability, except where tortfeasors conspire to commit an intentional or willful act. Non-intentional tortuous acts are now considered joint and divisible, and each joint tortfeasor is liable only for the degree of fault attributed to his actions. See La. C.C. arts. 2323 and 2324. In the instant case, Hamway's petition asserts that Braud was negligent in ordering Hamway's employees to place the transmission parts inside Mr. Jackson's vehicle. The petition contains no facts upon which any claim of intentional or willful action could be asserted against Braud in order to invoke solidary liability and the right of contribution. Therefore, we find that Hamway also failed to state a cause of action against Braud for contribution.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court, granting Braud's peremptory exception raising the objection of no cause of action and dismissing Hamway's claim with prejudice. All costs of this appeal are to be borne by the appellant, Hamway.
AFFIRMED.
FITZSIMMONS, J., agrees and assigns additional reasons.
FITZSIMMONS, Judge, agreeing, with additional reasons.
I agree with the opinion and respectfully assign additional reasons.
In the absence of an intentional or willful act, joint tortfeasors are not solidarily liable and do not have the right to contribution by third party demand or a later suit. See La. C.C. arts. 2323 & 2324; La. C.C.P. arts. 1111 & 1113. What would have been a third party demand for contribution in the past, is now better pled as a type of affirmative defense. See La. C.C.P. art. 1005. Thus, to avoid being wrongfully held to be 100 percent liable in this case, Hamway, in his answer to the Jackson suit, should have alleged that Braud was a joint tortfeasor and was also liable for Mr. Jackson's damages. By failing to make those assertions, Hamway lost the opportunity to have Braud's fault determined in the appropriate proceeding.
NOTES
[1] We note that in the instant case, Hamway may be constructively or derivatively at fault in that his employees were actually the ones who triggered his liability. However, Hamway only seeks indemnity from Braud and the facts as alleged do not show constructive or derivative fault in that regard.