NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1249


RUSSELL MARICLE, ET UX.

VERSUS

AXIS MEDICAL & FITNESS EQUIPMENT, LLC, ET AL.



**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 247,765
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.


**AFFIRMED.**

**Conery, J., concurs in the result.**

**Andrew P. Texada**
**Stafford, Stewart & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Axis Medical & Fitness Equipment, L.L.C.**

**Charles D. Elliott**
**Vilar & Elliott, L.L.C.**
**P. O. Box 12730**
**Alexandria, LA 71315-2730**
**(318) 442-9533**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
 **Russell Maricle**
 **Mary Francis Maricle**

**Gus A. Fritchie III**
**Edward W. Trapolin**
**McDonald G. Provosty**
**Irwin Fritchie Urquhart & Moore LLC**
**400 Poydras Street, 2700**
**New Orleans, LA 70130**
**(504) 310-2100**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
 **Dalton MedicalCorp.**
 **Dalton Instrument Corp.**

**EZELL, Judge.**

In this matter, Axis Medical and Fitness Equipment appeals the judgment of the trial court below granting an exception of prescription in favor of Dalton Medical Corporation and Dalton Instrument Corporation (hereinafter collectively referred to as "Dalton") and motions to strike in favor of Dalton and Russell and Mary Francis Maricle. For the following reasons, we affirm the decision of the trial court.

On December 13, 2012, Mr. Maricle was involved in a serious car accident resulting in him requiring the use of a wheelchair. Axis, who is in the business of renting medical equipment, delivered a wheelchair that was manufactured by Dalton to Mr. Maricle on January 8, 2013. On April 27, 2013, Mr. Maricle was rolling up a wheelchair ramp when the fabric of the back of the wheelchair suddenly ripped, causing him to fall out of the chair and reinjuring his neck. The next day, Axis delivered a replacement wheelchair.

On June 26, 2013, Mr. Maricle filed suit against Axis and Dalton. The suit alleged that the wheelchair was defective in design and/or manufacture by Dalton and that Axis was negligent in failing to inspect the wheelchair before renting it out. Over the course of the litigation, the trial court set May 9, 2014, as the deadline for filing any amended pleadings. On that day, Axis asserted a cross-claim against Dalton for redhibition and seeking indemnity for any loss it might suffer as a result of the suit. The same day, the Maricles amended their petition to include a redhibition claim against Dalton. After the deadline for filing amended pleadings, a mediation took place between Dalton and the Maricles. Axis refused to participate, however, the Maricles and Dalton settled their products liability claims against Dalton, while reserving their rights against Axis. Soon thereafter,

and well beyond the trial court's deadline for amended pleadings, Axis filed an amended cross-claim asserting a products liability claim against Dalton for the first time. Both the Maricles and Dalton filed motions to strike the amended cross-claims as untimely, and Dalton filed an exception of prescription claiming that Axis's redhibition claims had prescribed. The trial court granted the motions to strike and Dalton's exception of prescription. From those decisions, Axis appeals.

Axis asserts two assignments of error on appeal. It claims that the trial court erred in holding that its original cross-claims prescribed, and that the trial court erred in striking its supplemental cross-claims as untimely. For the sake of clarity, we shall address Axis's second assignment of error first.

Axis alleges the trial court erred in striking its amended cross-claim wherein it asserted claims against Dalton under the Louisiana Products Liability Act (LPLA), despite the fact that the amended claim was filed almost a month after the trial court's deadline for amending pleadings. Axis claims that its LPLA claims were not presented in the amended cross-claim for the first time but had been set forth in their original cross-claim and should relate back to that pleading. We disagree.

> Our courts have long held that the theory inherent in pre-trial civil procedure is to avoid surprise and to permit an orderly disposition of the case. *Eanes v. McKnight,* 262 La. 915, 931-32, 265 So.2d 220, 226-27 (1972); *Brooks v. Sewerage and Water Bd. of New Orleans,* 02-2246, p. 5 (La.App. 4 Cir. 4/30/03), 847 So.2d 639, 643. It is also well-recognized that the trial court has wide discretion to implement a pretrial order and insure that its terms are enforced. *Id.*

> *Robertson v. Lafayette Ins. Co.*, 11-975, p.5 (La.App. 4 Cir. 2/8/12), 85

So.3d 186, 189.

The LPLA establishes the exclusive theories of liability for manufacturers for damage caused by their products. La.R.S 9:2800.52. A manufacturer of a

product is liable for damages "proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." La.R.S. 9:2800.54(A). Under the LPLA, liability may be imposed when a product is found to be unreasonably dangerous in one of four ways: (1) construction or composition, (2) design, (3) inadequate warning or (4) nonconformity to express warranty. La.R.S. 9:2800.54(B).

Axix claims that its original cross-claim asserts facts sufficient to put Dalton on notice of the LPLA claims by it, and that therefore, the claims of the untimely amended cross-claim should relate back to the original cross-claim. We disagree. While Axis did note that Dalton was the manufacturer of the wheelchair in its original cross-claim, nowhere in that pleading did it allege that the chair was unreasonably dangerous or defective at the time of its manufacture, designed in a defective manner, or that it deviated from Dalton's specifications in any way. While the original cross-claim incorporates by reference three paragraphs from the Maricles' pleadings, that cross-claim does not reference those paragraphs that specifically set forth the LPLA claims. In fact, the original cross-claim did not maintain that the wheelchair was unreasonably dangerous in any way, but rather contained only conditional language geared toward couching a claim in indemnity. There are simply no facts pled in the original cross-claim that would give Dalton any indication of how Axis deemed the wheelchair defective. Moreover, if Axis felt that the facts pled in its original cross-claim gave obvious notice to Dalton of the LPLA claims by Axis against it, one would wonder why Axis felt the need to file the amended cross-claim directly asserting those LPLA claims at all.

The amended cross-claim was filed almost one month after the deadline for amending pleadings and one single day before the discovery deadline imposed by the trial court. We cannot say that the trial court abused its discretion by striking Axis's cross-claim for being untimely filed. This assignment of error is devoid of merit.

Axis next claims that the trial court erred in finding the claims asserted in its original cross-claim had prescribed. Again, we disagree.

Axis claims that the trial court erred in finding that its original cross-claim sounded in redhibition only, failing to note the prayer for indemnification by Dalton for any liability Axis may suffer as a result of the wheelchair failure.

> Indemnity, which is based in [sic] the concept of unjust enrichment, may lie when one party discharges a liability, which another rightfully should have assumed. *Nassif v. Sunrise Homes, Inc.,* 98-3193, pp. 2-3 (La.6/29/99), 739 So.2d 183, 185; *Mayo v. Benson Chevrolet Co.,* 97-1121, p. 2 (La.App. 5th Cir.8/25/98), 717 So.2d 1247, 1248. The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, under a tort or quasi-contract theory, even in the absence of an indemnity agreement. *Bienville Parish Police Jury v. United States Postal Service,* 8 F.Supp.2d 563, 569 (W.D.La.4/29/98); *Nassif,* 98-3193 at 3, 739 So.2d at 185. An implied contract of indemnity, or tort indemnity as it applies in this case, arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has caused such constructive liability to be imposed. *Nassif,* 98-3193 at 3, 739 So.2d at 185; *see also Mayo,* 97-1121 at 2, 717 So.2d at 1248. As such, a party who is actually negligent or actually at fault cannot recover tort indemnity. *Sellers v. Seligman,* 463 So.2d 697, 700 (La.App. 4th Cir.), *writ denied,* 464 So.2d 1379 (La.1985).

*Hamway v. Braud*, 01-2364, pp. 3-4 (La.App. 1 Cir. 11/8/02), 838 So.2d 803, 806.

The Maricles did not assert claims against Axis for products liability but for failure to properly inspect the wheelchair before renting it to them. These facts, as

4

alleged, do not show the mere constructive or derivative fault of Axis but rather, assert that Axis was actively negligent in its actions. This recovery is not sought on a technical, constructive, or vicarious theory, and accordingly, Axis could not be cast in judgment for mere technical or passive fault and would not be entitled to indemnity from Dalton. *See Threlkeld v. Haskins Law Firm*, 922 F.2d 265 (5th Cir. 1991). This is bolstered by the settlement and dismissal of the Maricles' claims against Dalton, whereby the products liability claims with regard to the wheelchair have been resolved. The only remaining issue concerns the Maricles' claims against Axis for its alleged negligent failure to inspect. *See Hesse v. Champ Serv. Line,* 02-284 (La.App. 3 Cir. 10/2/02), 828 So.2d 687. Since Axis was not entitled to indemnity for its own alleged negligence, we cannot find error in the trial court's determination that the original cross-claim sounded in redhibition only.

The manifest error standard of review applies to an appellate court's consideration of an exception of prescription. *Strahan v. Sabine Ret. & Rehab. Ctr., Inc.*, 07-1607 (La.App. 3 Cir. 4/30/08), 981 So.2d 287. Louisiana Civil Code Article 2534 states, in pertinent part:

> A. (1) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.
>
> . . . .
>
> B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.

Thus, it is clear that Axis had one year from the date of the discovery of the defect in the wheelchair to file its redhibition claims. In *Credeur v. Champion*

5

*Homes of Boaz, Inc.*, 08-1096, pp. 3-4 (La.App. 3 Cir. 3/4/09), 6 So.3d 339, 342, *writ denied*, 09-1099 (La. 9/4/09), 17 So.3d 965, this court stated:

> The party who pleads the peremptory exception of prescription has the burden of proof. *In re Succession of Comeaux*, 04-1335 (La.App. 3 Cir. 3/2/05), 896 So.2d 1223. On the other hand, if on the face of the pleadings it appears that prescription has run, the burden shifts to the opposing party to prove interruption or suspension of prescription. *Id.*

In the case at hand, prescription has run on the face of the pleadings. The wheelchair failed on April 27, 2013. Axis provided Mr. Maricle with a new wheelchair the same day, making Axis demonstrably aware that the first wheelchair was defective. Axis asserted claims for redhibition in its original cross-claim, which was filed on May 9, 2014, clearly beyond one year from its discovery of the defect in the wheelchair. There is no manifest error in the trial court's finding that the redhibition claim had prescribed.

For the above reasons, the judgment of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Axis.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.