# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LAW INDUSTRIES, LLC

VERSUS

STATE OF LOUISIANA,
DEPARTMENT OF EDUCATION,
RECOVERY SCHOOL DISTRICT AND
ADVANCED ENVIRONMENTAL
CONSULTING, INC.

NO.   2020 CW 0593

**SEPTEMBER 4, 2020**

---

In Re:   V. Keller & Associates, Inc., applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 676894.

---

**BEFORE: WHIPPLE, C.J., HIGGINBOTHAM, THERIOT, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED WITH ORDER.** The trial court's March 12, 2020 judgment denying the exception of no cause of action filed by V. Keeler & Associates, Inc. is reversed. A claim of implied or tort indemnity arises only when the fault of the person seeking indemnification is solely constructive or derivative and may only be had against one who, because of his act, has caused such constructive liability to be imposed. A party who is actually negligent or at fault cannot recover tort indemnity. See **Hamway v. Braud**, 2001-2364 (La. App. 1st Cir. 11/8/02), 838 So.2d 803, 806. Advanced Environmental Consulting, LLC did not make the necessary allegations in the instant case to support its cause of action for tort indemnity against V. Keeler & Associates, Inc. Accordingly, the exception of no cause of action filed by V. Keeler & Associates, Inc. is granted, and the claims of Advanced Environmental Consulting, LLC against V. Keeler & Associates, Inc. are dismissed. However, we remand this matter to the district court with instructions to allow Advanced Environmental Consulting, LLC the opportunity to amend its pleadings, if it can, to remove the grounds of the objection within a delay deemed reasonable by the district court. See La. Code Civ. P. art. 934.

**VGW**
**TMH**
**AHP**

**Theriot and Lanier, JJ.,** dissent and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
    FOR THE COURT